FARMERS' NATIONAL BANK OF OSKALOOSA, Appellant, v. A. UP-DEGRAF, F. J. PAGE, E. R. HATCHER, HARLAN UPDEGRAF, Administrator, and FRANK E. BAKER, Appellees.

Contract of guaranty:　EXTENT OF LIABILITY:　EVIDENCE. The contract
1　of guaranty by the directors of a corporation, by which they indorsed the credit or obligation of the corporation in a stated sum, is held under the evidence to have guaranteed the payment of the specified sum which the corporation contemplated borrowing at the time the guaranty contract was delivered; and was not a general or continuing guaranty for the payment of any balance growing out of a subsequent transaction with the corporation.

Same:　CONSTRUCTION:　EVIDENCE. Where the suit was based upon a
2　specific contract of guaranty recovery could not be had on another distinct contract, not signed by the same parties and differing somewhat in its terms; nor was it competent for the purpose of construing the intention of the parties in making the first contract.

*Appeal from Mahaska District Court.*—HON. BYRON W. PRESTON, Judge.

SATURDAY, OCTOBER 25, 1913.

THIS is an action at law against four defendants for an alleged balance due under a written contract of guaranty.

There was a trial to the court without a jury, and a judgment for the defendants. The plaintiff appeals.—*Affirmed.*

*John F. & W. R. Lacey,* for appellant.

*J. O. Malcolm, Burrell & Devitt,* and *F. D. Reid,* for appellees.

EVANS, J.—The following is a copy of the written contract sued on: "Oskaloosa, Iowa, March 27, 1907. Farmers' National Bank, City—Gentlemen: We, the undersigned, directors of the Iowa Mfg. Co., indorse the credit or obligations of the Iowa Mfg. Co., to the extent of six thousand ($6,000) dollars. [Signed] A. Updegraf, F. J. Page, E. R. Hatcher, Frank E. Baker."

This written guaranty was delivered to the plaintiff on March 30, 1907. Evidence of the circumstances under which the guaranty was executed and delivered was introduced by both sides. The trial court was justified in finding under the evidence that the Iowa Manufacturing Company, a corporation, by its manager, Frank E. Baker, had solicited a loan from the plaintiff bank for a sum of $6,000. There was some uncertainty at the time as to whether so great a sum would be needed. At the time of the delivery of the guaranty in question, the plaintiff bank had agreed to loan such amount. At the time of the delivery, $4,000 was loaned and the note of the corporation taken therefor. On April 12th following, the further sum of $1,000 was loaned, and on April 20th the remaining $1,000 was loaned and the notes of the corporation taken for such amounts. No further sums were ever loaned by the plaintiff bank to the corporation. In November, 1909, one of the $1,000 notes was fully paid by the corporation, leaving a balance of $5,000 of the principal indebtedness due. In May, 1911, the defendants herein paid, in pursuance of their guaranty, the remainder of the principal debt of $5,000, with $416.65 interest thereon, making a sum total of $5,416.65.

They claim that such payment discharged their full obligation under the guaranty. It is further made to appear on behalf of the plaintiff that on September 30, 1908, it purchased from the Iowa Manufacturing Company a certain note for $3,500, which is known in this record as the Billings Company note. The Iowa Manufacturing Company guaranteed the payment of such note. Two thousand dollars of such note remains unpaid, and the Billings Company is now insolvent. The Iowa Manufacturing Company is also insolvent. The contention of the plaintiff is that the defendants are liable on the written guaranty herein set forth for such liability of the Iowa Manufacturing Company under its guaranty of payment, and it claims of the defendants the sum of $583.35 as the amount due; such amount being the difference between $6,000, the amount guaranteed, and $5,416.65, the amount previously paid thereunder.

The argument of the plaintiff is that the written guaranty sued on was a general and continuing guaranty of any balance which might become due the plaintiff from the Iowa Manufacturing Company at any subsequent time and out of any subsequent transaction, to the full extent of $6,000.

The contention of the defendants is that the contract of guaranty had reference to the particular $6,000 stipulated for at the time of its delivery. The trial court construed the guaranty as contended for by the defendants.

1. CONTRACT OF GUARANTY: extent of liability: evidence.

There is nothing in the language of the written guaranty which purports to be a continuing guaranty for any balance of indebtedness to be incurred in the future. Construing the writing in the light of the circumstances as the trial court could have found them under the evidence, we think it should be deemed as a guaranty of the particular $6,000 or less which was stipulated for and in contemplation at the time of its delivery. There is nothing in the language of the writing which would require its application to the later transaction of the purchase of the $3,500 note with the guaranty of the

corporation.    Nor is there anything in the circumstances which are shown in evidence to indicate that a transaction of such nature was within the contemplation of the parties at the time of its delivery.

It is made to appear also from the record that the construction adopted by the trial court was the construction which the plaintiff bank itself put upon this writing both at the time of its delivery and subsequently.    When such guaranty was first tendered to the plaintiff, it refused to accept the same because it was not in the form which it desired and because it did not purport to be a continuing guaranty for future loans. It caused another guaranty contract to be prepared by its attorney for the signature of the defendants.    The second guaranty contract was signed by some of the defendants.    The defendant Page refused to sign the same.    A copy of such written guaranty will be set forth in the second division of this opinion.    Both guaranties were delivered to the plaintiff on March 30th.

It further appears that the defendant Page became a resident of Colorado.    On December 13, 1909, he wrote to the plaintiff bank asking for a statement of the "amount borrowed and the amount paid."    The plaintiff wrote in reply as follows:    "In reply to your letter of recent date will say that the amount borrowed by the Iowa Mfg. Co. was $6,000, of which $1,000 has been paid."    The plaintiff bank was at the time of this correspondence the holder of the Billings Company note.    It made no reference thereto in its correspondence. It is true, as contended by the appellant, that the reply of the bank to the letter of Page was strictly responsive.    The manifest purpose of Page's letter of inquiry was to ascertain the amount of his remaining liability.    And we think the reply of the plaintiff fairly indicated its view that the liability of Page was $6,000, less $1,000 paid.    The reply letter makes no claim to any other liability.

II.    We have already referred to another guaranty contract which was delivered to the bank at the same time as the

guaranty contract in suit and which is known in this record
as Exhibit 1.   Such contract was as follows:
2. Same:
construction:     "Oskaloosa, Iowa, 3—30—07.   Farmers' Nat'l
evidence.
Bank, Oskaloosa, Iowa—Gentlemen: We, the
undersigned, being stockholders and directors of the Iowa
Mfg. Co., a corporation, do hereby jointly and severally as
individuals guarantee the payment of any and all future
obligations of said Iowa Mfg. Co. which may be contracted or
owing to the Farmers' National Bank of Oskaloosa, Iowa, to
the extent of six thousand ($6,000) dollars.   Frank E. Baker.
A. Updegraf.   E. R. Hatcher.''

The plaintiff introduced this contract in evidence upon
the trial.   It will be noted that the plaintiff did not sue upon
this contract.   It made no reference thereto in its petition.
It will be noted also that Page did not sign such contract.
The contention of the plaintiff now is that such contract should
be deemed as expressing the true construction which the parties
intended to put upon the first contract.   The contention can-
not be sustained.   Exhibit 1 does not purport to construe the
other contract.   It purports only to be an independent under-
taking on the part of the signers thereto.   If it was not binding
on Page as an independent contract, how could it be binding
upon him as a construction of the first contract?   If Page
escaped liability thereunder by refusing to sign it, how could
a liability be created by reading the same contract into the
previous contract which Page did sign?   We have no occasion
herein to put a construction upon the second contract nor to
determine the liability of the signers thereunder.

It is urged by the appellant that judgment ought to
have been entered in any event against the three defendants
who were signers of the second contract.   It is sufficient to say
that no judgment was asked against them as signers of such
contract.   The four defendants were sued jointly upon the
first contract alone.   The nature and extent of the liability
of each under such contract was precisely the same.   Under
the pleadings and the evidence, all were liable under the first

contract or none. We think the trial court properly con-
strued such contract, and such construction was conclusive
of the case.

The judgment below must therefore be *Affirmed.*

WEAVER, C. J., and LADD and GAYNOR, JJ., concur.